MARTIN WYCKOFF, PROSECUTOR, v. FANNY LUSE.

Submitted July 3, 1901—Decided November 11, 1901.

It is not the province of this court, in reviewing the judgments of the Court of Common Pleas in appeal cases, to retry the cause upon the merits.

On *certiorari*.

Before Justices GUMMERE and HENDRICKSON.

*Pro se, Martin Wyckoff.*

For the defendant, *John H. Dahlke.*

PER CURIAM.

This writ brings here for review a judgment of the Warren Pleas, entered after a trial *de novo,* on an appeal from the Court for the Trial of Small Causes. The judgment was given for a balance of the bill of the plaintiff below for the board of men, while engaged in cutting off a piece of timber, near her house, against the prosecutor, his brother (Cornelius Wyckoff) and Robert Melrose, who were defendants below. The present prosecutor was the only one who appealed. One reason urged for a reversal is that a motion to nonsuit for insufficiency of the state of demand was overruled. We think there is no merit in this objection.

Another ground urged was that there was no evidence to show that the three defendants were jointly interested in the cutting of the timber, or that they permitted themselves to be so held out to the public. The evidence did tend to show that the timber was purchased by Cornelius Wyckoff; that his brother, the prosecutor, was permitted by him to take general charge of the cutting and removal of the timber, and that the latter and Melrose were jointly interested in the timber to be cut, and that the net profits were to be turned

over to Cornelius Wyckoff, to be credited upon debts owing to him by the prosecutor and said Melrose. We think there was evidence from which a partnership interest in the cutting of this timber might be inferred, and hence a joint liability for the expenses incurred therein by the partners or either of them. The men were boarded at the personal request of Melrose, who represented himself to plaintiff as a partner with the other defendants in the business then in hand. There being at least some evidence to support the judgment, this court cannot interfere. It is not the province of this court, in reviewing the judgments of the Court of Common Pleas in appeal cases, to retry the cause upon the merits. *Deubel* v. *Vanderbilt,* 35 *Vroom* 159.

The judgment of the Pleas having reduced the amount recovered in the court below, there should have been no judgment for costs in that court. The costs before the justice appear to be excessive, but since no effort was made to correct the taxed bill in the court below, we cannot grant the relief here.

The judgment below is affirmed, except as to the costs of the appeal.